No. 22837.

In the Matter of the Petition of Melvin J. O'Neal and Marjorie Lou O'Neal, for the Adoption of a Child, Lucinda Dawn O'Neal *v.* The Department of Public Welfare of Adams County, Colorado.

(430 P.2d 476)

Decided July 24, 1967.

310

HARRISON, GREENE and PEPPER, for plaintiffs in error.

DANIEL, McCAIN & BROWN, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

THIS is a proceeding which involves an attempt on the part of Melvin J. O'Neal and Marjorie Lou O'Neal to adopt a female child born June 1, 1966. Pertinent factual circumstances are as follows.

The natural mother of the child formally relinquished the baby and a "Final Order of Relinquishment" was entered on June 6, 1966. The child was made a ward of the court and her custody was placed with Myrna Criswell, District Court Juvenile Counselor in Adams county. The O'Neals filed their Petition for Adoption and the child was placed with them under a Certificate of Approval of Placement. The certificate was dated June 6, 1966, and it recited that December 14, 1966, should be the date for final hearing and decision on the petition for adoption.

The record discloses that on November 14, 1966, the following order was entered by the trial court:

"DOTH ORDER that the Adams County Department

of Public Welfare have the care, custody and control of Lucinda Dawn O'Neal, including the right to consent to any medical or hospital care and including the right to place said Lucinda Dawn O'Neal in foster care. It is further

"ORDERED that Children's Hospital release Lucinda Dawn O'Neal to Roxanne Shelton, caseworker for the Adams County Department of Public Welfare."

■ When the final hearing was held to determine whether the petition of the O'Neals for the adoption of the child should be granted, the Department of Public Welfare of Adams county appeared in opposition to granting it. Witnesses were called and it was shown without contradiction that during the four month period of time in which the child remained in the custody of the petitioners, it had "sustained very serious injuries, including numerous fractures and is not at this time completely recovered or free of future possible disability." The injuries were not the result of any one accident, but each fracture and injury was traceable to a separate incident. Following a full hearing the trial court entered findings which included, *inter alia*, the following:

"* * * that it would be contrary to the child's best interest to leave said child with petitioners or to entertain further their petition; that for said reason the same should be dismissed. It is, therefore,

"ORDERED, ADJUDGED AND DECREED the above captioned petition be and the same hereby is dismissed; that the child, Lucinda Dawn, will remain a ward of this Court; that said child's custody is given to the Adams County Department of Public Welfare with authority to provide for and consent to medical care."

From this final judgment the O'Neals are here on writ of error seeking reversal.

We have heard oral argument and have read the record and the briefs filed by counsel appearing in this action. We cannot say as a matter of law that the trial

court abused the wide discretion with which it is endowed in matters of this kind.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE HODGES concur.